UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES ALEXANDER MCMILLAN** | **CIVIL ACTION NO. 6:17-cv-00892** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **MICHELLE BREAUX, ET AL** | **MAGISTRATE JUDGE PATRICK HANNA** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff James Alexander McMillan, proceeding *in forma pauperis*, filed the instant civil rights complaint, pursuant to 42 U.S.C. §1986, on July 7, 2017. [Rec. Doc. 1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

The allegations in plaintiff's complaint stem from a 1999 traffic stop, a 2000 criminal matter, and a 2002 incident involving Louisiana Wildlife and Fisheries officers in East Baton Rouge Parish. Plaintiff names officers Scott Lewis, Dion Bearb, Hue Anderson and Michael Poole, as defendants in connection with the traffic stops and subsequent arrests occurring in 1999 and 2000.

While his complaint is not entirely clear, it appears that plaintiff filed suit against Lewis, seeking one million dollars, in connection with the 1999 arrest, asserting it was a "trespass on his rights to travel." That suit was dismissed by Judge Michelle Breaux. He also appears to allege violations on the part of defendant, the late Diane Simon, although it is unclear from his complaint whether it was in her capacity as an assistant district attorney or a judge. He requests that Judges Breaux and Simon be forced to "retire with prejudice." [Rec. Doc. 1, p. 12]

During the arrest on January 2, 2000, plaintiff alleges that Lewis and several other officers

used excessive force, as he was attacked by a K9 unit and mace was poured in his eyes. During the booking process and following excessive force by several officers, plaintiff shot himself. According to a previous lawsuit filed by plaintiff in this Court, he was subsequently convicted of taking contraband into a prison and simple flight following a jury trial in the Fifteenth Judicial District Court.[1] Plaintiff names as defendants Jason Robideau, his court appointed attorney, and Judge Marilyn Castle, who presided over that matter. He seeks $2.5 million from Robideau and that he be disbarred and sent to Cuba with the same sentence as the police officers and asks that Judge Castle be forced to retire "with prejudice." [Rec. Doc. 1, p. 12]

He asks this Court to strip Lewis of "all of his earthly and worldly possession and serve life in Cuba at the US prison. He is to be naked with nothing for the first 93 days and eat one bold (sic) egg a day for the rest of his life. His personal assets are to be given to his wife and children with the exception of his personal firearms. They are mine along with his badge." [Rec. Doc. 1, p. 12] He asks that Bearb and Anderson each serve 10 years "for the forced suicide" and an additional 8 year 4 months and 14 days for the "treason by sedition" He requests their badges. He asks that Michael Poole be forced to retire and requests his firearms and badge, as well. *Id.*

Finally, plaintiff raises claims in connection with a 2002 incident in East Baton Rouge Parish pursuant to which he was arrested by Louisiana Wildlife and Fisheries Agents R. Engelhard, J. Dreher and C. Comeaux. He names only Engelhard and Comeaux as defendants, as he asserts that Dreher is an "honorable" man and did no wrong. He also names as a defendant Lawrence Billeaud, the attorney appointed by the court to represent him in this matter, alleging neglect on his part, as

---

[1]*See McMillan v. Louisiana British Accreation Registrar Association, et al*, Civil No. 03-1001 (W.D. La.), Rec. Doc. 3, p. 3.

well as Judge Richard Anderson. He asks that Engelhard and Comeaux serve life in the Cuba prison and surrender their firearms and badges to him, that Judge Anderson be forced to retire "with prejudice," and Lawrence Billeaud be disbarred, sent to Cuba with the same sentence as the police officers and pay him $2.5 million. [Rec. Doc. 1, p. 12]

Plaintiff also names several assistant district attorneys for their part in his prosecution in one of the above incidents- Rickey Miniex, Steven Danielson, William Babin, and Ronald Dauterive. He asks that these defendants be forced to retire and pay the "maximun (sic) in the limits of liability from the British Accredited Registrar which I believe is still one hundred million dollars." [Rec. Doc. 1, p. 12]

He lists Mark Ackal as a defendant on the cover page of his suit, although he alleges no factual basis for his claims against Mr. Ackal, an attorney who represented him for injuries he sustained in 1997 when a gas line exploded.[2] He asks that Mr. Ackal be disbarred, sent to Cuba with the same sentence as the police officers and pay him $2.5 million. He also names Tyler Mental Health Clinic, with no factual allegations supporting a claim against this defendant.

Finally, he alleges that on November 28, 2012, defendant Stan Ryenott ordered him to discuss his "present condition" with a Dr. Vossberg. He was later accused by Mr. Ryenett of being "manic." He requests that Mr. Ryenott be removed from his job and pay $2.5 million for his "sedition and mental torture on a soveirgn (sic) with knowledge to prevent in the name and secured party James McMillan." [Rec. Doc. 1, p. 12]

---

[2]See *McMillan v. Louisiana British Accredation Registrar Association, et al*, Civil No. 03-1001 (W.D. La.), Rec. Doc. 3, p. 2.

3

*Law and Analysis*

*1. Screening*

Plaintiff has been permitted to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. This complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. The statute provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); see also *Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued *in forma pauperis* are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an

indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Statute of Limitations

To the extent they are discernible, plaintiff's claims under 42 U.S.C. § 1986 are subject to a one-year statute of limitations. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Based on the complaint, the majority of the conduct relevant to the claims alleged herein occurred between 1999 and 2003. Clearly, at least fourteen years have passed since the latest incident, the 2003 arrest by Wildlife and Fisheries agents. Moreover, the allegations related to the 2012 psychological evaluation ordered by defendant Stan Ryenott occurred over five years ago. Accordingly, this Court concludes that Mr. McMillan's claims are time-barred and should be dismissed with prejudice.

### *Conclusion and Recommendation*

All of the events underlying Mr. McMillan's claims occurred more than one year before he filed this lawsuit. A Section 1986 claim must be filed not more than one year after the actions or omissions complained about. Therefore, Mr. McMillan's claims are time barred. Because his claims are time barred, Mr. McMillan has not stated a claim upon which relief can be granted.

Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana January 5, 2018.

_____
PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**